USDC SCAN INDEX SHEET

















JPP    5/30/06    15:28

3:06-CV-01133    ONE INDUSTRIES V. JIM O'NEAL

*1*

*CMP.*

1 | JONATHAN HANGARTNER, Cal. Bar No. 196268
NATHAN THOMAS, Cal. Bar No. 234931
2 | SHEPPARD MULLIN RICHTER & HAMPTON LLP
   A Limited Liability Partnership
3 |   Including Professional Corporations
501 West Broadway, 19th Floor
4 | San Diego, California 92101-3598
Telephone:  619-338-6500
5 | Facsimile:   619-234-3815

6 | Attorneys for Plaintiff
ONE INDUSTRIES, LLC
7 |

8 | UNITED STATES DISTRICT COURT

9 | SOUTHERN DISTRICT OF CALIFORNIA

10 |

11 | ONE INDUSTRIES, LLC,
a limited liability company,

12 | Plaintiff,

13 |

14 | v.

15 | JIM O'NEAL DISTRIBUTING, INC.,
a corporation,

16 | Defendant.

17 |

Case No. 06 CV 1133   JAH AJB

**COMPLAINT FOR DECLARATORY JUDGMENT**

**JURY TRIAL DEMANDED**

18 | Plaintiff One Industries, LLC, for its Complaint against Defendant Jim

19 | O'Neal Distributing, Inc. ("O'Neal"), avers as follows:

20 |

21 | **JURISDICTION**

22 |

23 | 1.     Jurisdiction is vested in this Court by virtue of 28 U.S.C. §§ 1331,

24 | 1338 and 2201-2202.  This action arises under the Lanham Act, Title 15, United States

25 | Code, Sections 1051-1127.

26 | 2.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and

27 | (c).

28 |

W02-WEST:8MGR1\400002193.2

ORIGINAL

## PARTIES

3.     Plaintiff is, and at all times mentioned herein was, a California limited liability company with its principal place of business at 4559 Federal Boulevard, San Diego, California 92102.

4.     On information and belief, Defendant O'Neal is, and at all times mentioned herein was, a corporation conducting business at 9600 Topanga Canyon Blvd, Chatsworth, CA 91311.

## BACKGROUND

5.     Plaintiff is the licensee of the following trademark (the "One Icon Mark"), which it has used continuously in interstate commerce since at least September 1999 to market motorcycle racing products, including clothing, gear, and printed materials such as adhesive stickers and decals:



6.     The United States Patent and Trademark Office ("USPTO") has granted four federal registrations for the One Icon Mark as a trademark. These include:

- Registration No. 2831709, dated April 13, 2004, for clothing, namely shirts, T-shirts, jackets, pants, shorts and hats;

- Registration No. 2831710, dated May 27, 2003, for fenders, handle bar pads and seat covers for motorcycles;

- Registration No. 2842641, dated February 24, 2004, for printed materials, namely, adhesive stickers and decals; and

1          •      Registration No. 2946193, dated February 8, 2005, for

2                 motorcycle helmets.

3          7.     Registration Nos. 2831709, 2831710, and 2842641 claim a first use of

4   the One Icon Mark in commerce in September 1999.

5          8.     These One Icon Mark registrations are and continue to be in full force

6   and effect.

7          9.     Plaintiff is also the licensee of the following trademark (the "One

8   Angular Mark"), which it has used continuously in interstate commerce since at least

9   September 1999 to market motorcycle racing products, including clothing, gear, and

10  printed materials such as adhesive stickers and decals:



14         10.    The United States Patent and Trademark Office ("USPTO") has

15  granted four federal registrations for the One Angular Mark as a trademark.  These

16  include:

17         •      Registration No. 2894614, dated October 19, 2004, for

18                clothing, namely shirts, T-shirts, jackets, pants, shorts and hats;

19         •      Registration No. 2894616, dated October 19, 2004, for fenders,

20                handle bar pads and seat covers for motorcycles;

21         •      Registration No. 2894615, dated October 19, 2004, for printed

22                materials, namely, adhesive stickers and decals; and

23         •      Registration No. 2970422, dated July 19, 2005, for motorcycle

24                helmets.

25         11.    Registration Nos. 2894614, 2894615, and 2894616 claim a first use of

26  the One Angular Mark in commerce in September 1999.

27         12.    These One Angular Mark registrations are and continue to be in full

28  force and effect.

13.     On May 8, 2006, O'Neal filed an application for registration of the following logo (the "New O'Neal O Logo") with the United States Patent and Trademark Office:



14.     O'Neal's application for registration of the New O'Neal O Logo claims first use on commerce on December 17, 2003.

15.     On May 11, 2006, counsel for O'Neal wrote to Plaintiff alleging that Plaintiff's use of the One Icon Mark and One Angular Mark infringes O'Neal's rights in the New O'Neal O Logo.  In this letter, O'Neal falsely asserted that it has used the New O'Neal O Logo "for over a decade," and alleged that Plaintiff is in violation of the Federal Lanham Act §§ 32 and 43(a), as well as many state trademark and unfair competition laws including California Business and Professions Code § 17200 et seq., by its use of the One Icon Mark and One Angular Mark.  O'Neal then demanded that Plaintiff cease use of the One Icon Mark and One Angular Mark, change its name, and mitigate alleged damages to O'Neal.  A copy of this letter is attached hereto as Exhibit A.

16.     On May 16, 2006, counsel for Plaintiff responded to the May 11 correspondence, pointing out the falsity of O'Neal's allegations, denying any infringement by Plaintiff, and asserting that any confusion relating to the New O'Neal O Logo reflects infringement of the One Icon Mark and One Angular Mark.  A copy of this letter is attached hereto as Exhibit B.

17.     On May 18, 2006, counsel for O'Neal wrote to counsel for Plaintiff asserting that O'Neal has been using "O as a trademark for a long time" in varying stylizations, referencing an unidentified "O registration from ten years ago," and claiming public records indicating O'Neal's first use of "the O mark" in 1993.  The letter also specifically alleged that "ONE infringes O'NEAL."  The letter claimed that O'Neal has been branding its helmets since 1996, and "has a lot of evidence to support this, and we will gladly shower you with it in discovery."  The letter also noted that "[n]o doubt your

1    client will delight in the cost of studying 13 years worth of evidence, and making

2    thousands of pages of color copies." According to this letter, O'Neal is "prepared to

3    litigate." A copy of this letter is attached hereto as Exhibit C.

4            18.    On information and belief, in its May 18 correspondence O'Neal's

5    counsel was referring to O'Neal's Registration No. 2006997, for the following design mark

6    (the "O'Neal Playing Card Mark"), which claims first use in commerce on March 1, 1993:

7

8



9

10

11            19.    On information and belief, O'Neal has not used the O'Neal Playing

12    Card Mark for several years.

13            20.    Plaintiff is not aware of any actual consumer confusion regarding the

14    source of Plaintiff's products and O'Neal's products other than the unsubstantiated, non-

15    specific allegations contained on O'Neal's May 11, 2006, correspondence.

16            21.    O'Neal's allegations of infringement and its false and misleading

17    statements regarding its trademark rights in its correspondence of May 11 and May 18,

18    2006, were made in bad faith. O'Neal made these false and misleading statements

19    knowingly, willfully, and maliciously, and together with its threats of costly litigation

20    these statements were intended to intimidate and cause harm to Plaintiff despite the lack of

21    any objective basis for O'Neal's infringement allegations.

22            22.    Plaintiff's products have been and continue to be extensively

23    advertised throughout the United States using the name ONE, the One Icon Mark, and the

24    One Angular Mark. By virtue of advertising and sales, together with consumer acceptance

25    and recognition, the name ONE, the One Icon Mark, and the One Angular Mark identify

26    only Plaintiff's motorcycle racing products, and distinguish them from the products of

27    others. Due to their long and continuous use in commerce, these marks thus have become

28

1  and are a valuable asset symbolizing Plaintiff, its quality motorcycle racing products, and

2  its goodwill.

3          23.    An actual controversy exists between the parties regarding

4  infringement of the various trademarks described herein.

5

6                    **FIRST CAUSE OF ACTION**

7           **(Declaratory Judgment of Non-Infringement)**

8

9          24.    Plaintiff realleges and incorporates by reference the allegations

10  contained in paragraphs 1 through 23 above.

11         25.    Plaintiff's use of the One Icon Mark does not infringe any trademark

12  rights of O'Neal.

13

14                **SECOND CAUSE OF ACTION**

15          **(Declaratory Judgment of Non-Infringement)**

16

17         26.    Plaintiff realleges and incorporates by reference the allegations

18  contained in paragraphs 1 through 25 above.

19         27.    Plaintiff's use of the One Angular Mark does not infringe any

20  trademark rights of O'Neal.

21

22                 **THIRD CAUSE OF ACTION**

23          **(Declaratory Judgment of Non-Infringement)**

24

25         28.    Plaintiff realleges and incorporates by reference the allegations

26  contained in paragraphs 1 through 27 above.

27         29.    Plaintiff's use of the name ONE does not infringe any trademark

28  rights of O'Neal.

## FOURTH CAUSE OF ACTION

### (Declaratory Judgment of No Unfair Competition)

30.     Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 29 above.

31.     Plaintiff's use of the One Icon Mark, the One Angular Mark, and/or the name ONE does constitute unfair competition with O'Neal.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays this Court:

1.     Declare that Plaintiff's use of the One Icon Mark does not infringe any trademark rights of O'Neal;

2.     Declare that Plaintiff's use of the One Angular Mark does not infringe any trademark rights of O'Neal;

3.     Declare that Plaintiff's use of the name ONE does not infringe any trademark rights of O'Neal;

4.     Declare that Plaintiff has not unfairly competed with O'Neal;

5.     Find that this is an exceptional case;

6.     Award Plaintiff its costs and attorneys' fees;

7.     Enter any other relief the Court deems proper.

DATED:  May 24, 2006

SHEPPARD MULLIN RICHTER & HAMPTON LLP

By _____

JONATHAN HANGARTNER

Attorneys for Plaintiff
ONE INDUSTRIES LLC



310 N. Westlake Blvd., Suite 120
Westlake Village, California 91362
phone +1 (805) 230-1350 x210
fax +1 (805) 230-1355
jlandau@socalip.com

May 11, 2006


Via Fed-Ex

Ludovic F. Boinnard, President
One Industries, LLC
4559 Federal Blvd.
San Diego, CA 92102


      Re:    Unlawful use of the marks "O" and "ONE"
            Our file no. J002-L06163


Dear Mr. Boinnard:

      Our law firm represents Jim O'Neal Distributing, Inc. ("O'Neal") with regard to trademark matters. Since 1970, O'Neal has been a leading distributor of parts, accessories, and apparel for motocross and ATVs. O'Neal branded products include boots, gloves, hats, jackets, jerseys, pants, shorts, socks, t-shirts, body armor, goggles, helmets, belts, bags, backpacks, tie-downs, grips, handlebars, tools, calendars and gift certificates.

      O'Neal has used the mark "O'NEAL" for over thirty-five years. Additionally, O'Neal has used the stylized mark "O", as shown below, for over a decade.



      O'Neal has spent substantial amounts of money in advertising its marks in the motocross market.

EXHIBIT A     8

Ludovic F. Boinnard
May 11, 2006
Page 2


**SoCal IP**
Law Group LLP

In turn, the marks "O'NEAL" and  are distinct. Our client owns considerable goodwill with regard to these marks. O'Neal owns a trademark application for the design. Additionally, O'Neal owns the following federal registrations for the "O'NEAL" mark:

- Reg. No. 2,753,028 directed to protective gear for motorcycle and bicycles, namely, kidney belts, chest protectors, elbow guards.

- Reg. No. 2,756,159 directed to motorcycle and bicycle accessories, namely, pants, jerseys, jackets, rain suits, gloves, shirts, pants, hats, socks.

- Reg. No. 2,753,027 directed to protective helmets for bicycles and motorcycles.

Trademark law provides protection against consumer confusion as to a product's source of origin. Trademark law also provides protection for a trademark owner's good will and reputation.

It has recently come to our client's attention that One Industries, LLC ("One Industries") is selling decals, jackets, sweatshirts, t-shirts, shorts, pants, hats, tie-downs, gear bags, helmets and related services for motocross using the marks "O" and "ONE". Several examples are shown below:

EXHIBIT A      9

Ludovic F. Boinnard
May 11, 2006
Page 3



On its face, One Industries has been marketing its products with an "O" commissioning a beveled parallelogram that strikingly resembles the O'Neal "O". Moreover, consumers of motocross parts, accessories, and apparel are likely to be confused and have been confused that "ONE" is an abbreviation for "O'NEAL".

Importantly, there have been numerous One Industries customers who have contacted O'Neal demanding a refund because they were unhappy with your products. The recurrence of actual confusion demonstrates that the actions of One Industries are, in fact, harming O'Neal's reputation.

Because there is actual confusion as a result of the actions of One Industries, One Industries is in violation of Federal Lanham Act § 32, Federal Lanham Act § 43(a) and many states' trademark and unfair competition laws, including California Business & Professions Code 17200, et seq.

While some may see flattery in copying, the actions of One Industries evince a willful and bad faith effort to steal from our client.

Furthermore, the courts do not look favorably upon parties who use sloppy and deceptive trade practices. You have held out One Industries as a corporation. However, no such business entity is registered to do business in California. Moreover, the County of San Diego shows an expired fictitious business name registration identifying you and Marc Blanchard as business partners. Yet, we noticed that the California Secretary of State does recognize a One Industries, LLC.

Our client understands that you have invested funds with regard to existing inventory and manufacturing orders. Considering the financial burden you will be facing, we demand that One Industries provide a written plan to:

- Wind down the usage of the marks "O" and "ONE", sell or dispose of its existing inventory and non-cancelable ordered product;

- Change its name to one that does not infringe O'Neal's rights; and

- Mitigate the continuing damages while One Industries winds own its usage of the mark "O" and "ONE".

Our expectations are that we receive a good faith communication outlining the plan within 10 days.

O'Neal has a long standing good relationship with O'Neill, Inc., the surf ware company which is well known for its wet suits, bags, jackets, boots, shorts, gloves, hoods and t-shirts. There is no room for your "ONE" or "O" brands. Whereas O'Neal is initially approaching you

EXHIBIT A   1 0

Ludovic F. Boinnard
May 11, 2006
Page 4



**SoCal IP**
Law Group LLP

amicably and desires to establish a written settlement agreement, O'Neill may not be so accommodating.

Very truly yours,

Joel C. Landau, Esq.

Copy:  Jim O'Neal, O'Neal Distributing, Inc.
       Marc Meltzer, General Counsel, O'Neill, Inc.



19th Floor | 501 West Broadway | San Diego, CA 92101-3598
619-338-6500 office | 619-234-3815 fax | www.sheppardmullin.com

Writer's Direct Line: 619-338-6626
jhangartner@sheppardmullin.com

Our File Number: 02WB-104822

May 16, 2006

**Via Facsimile 805-230-1355**
**and U.S. Mail**

Joe C. Landau, Esq.
SoCal IP Law Group LLP
310 N. Westlake Blvd., Suite 120
Westlake Village, CA  91362

                    Re:    One Industries, LLC

Dear Mr. Landau:

          This firm represents One Industries, LLC ("One Industries").  Mr. Boinnard of
One Industries has forwarded your letter of May 11, 2006, to me for review and response.  One
Industries respects the intellectual property rights of others, and expects the same in return.  We
have carefully evaluated the allegations in your letter and the results are disturbing.

          At the outset, your letter contains material, false representations regarding the
rights of Jim O'Neal Distributing, Inc. ("O'Neal") in the stylized "O'" mark shown in your letter.
Specifically, you state in your letter that "O'Neal has used the stylized mark 'O', as shown below,
for over a decade."  In fact, on May 8, 2006, just three days before sending your letter, you filed
an application for registration of this stylized "O" mark with the U.S. Patent and Trademark
Office on behalf of O'Neal.  (Copy attached as Exhibit A.)  In that application you claimed first
use of the stylized "O" mark by O'Neal on December 17, 2003, less than three (3) years ago.
Thus, the statement in your letter of May 11, 2006, is materially false, and that you knew that it
was false when you made it.

          I also note that One Industries has registered the word mark ONE INDUSTRIES
in various classes based on a first use in commerce in January 1997.  Your false claim that
O'Neal has used the stylized "O" mark since before May 11, 1996, appears calculated to create
the false impression that O'Neal's use of the stylized "O" logo is senior to these registrations.
These circumstances indicate a knowing and intentional false representation of senior use,
calculated to intimidate an unsophisticated party into relinquishing its rights.

          Your claim that it has only "recently" come to O'Neal's attention that One
Industries is selling decals, jackets, etc. for motocross using the "ONE" and "O" logo marks
shown in your exemplars is also not plausible.  One Industries has used these logo marks

EXHIBIT B   12

SHEPPARD MULLIN RICHTER & HAMPTON LLP

Joe C. Landau, Esq.
May 16, 2006
Page 2

prominently on virtually all of its products and marketing materials in the motocross industry for almost six (6) years now.

Considering the true facts, One Industries has the senior position with respect to its "O" and "ONE" logo marks. These marks are registered in four classes, with first use in commerce in connection with clothing, printed materials, fenders, handlebar pads and seat covers dating to September 1999, more than three years prior to O'Neal's first use of its stylized "O" mark. O'Neal's stylized "O" mark thus infringes the "O" mark exclusively licensed in the United States by One Industries.

Accordingly, please confirm that O'Neal will:

1)    Immediately cease and desist all use of the O'Neal stylized "O" mark;

2)    Immediately abandon the pending application for this mark filed on May 8, 2006 and any other pending registrations for this mark; and

3)    Pay all costs to One Industries associated with evaluating and responding to your fraudulent representations and allegations.

This is a serious matter. One Industries has invested heavily to establish its name and marks over the course of almost a decade, and does not take false allegations against it lightly. Absent a prompt, complete resolution of this issue One Industries will take appropriate legal action to protect its intellectual property rights. Please contact me no later than Friday, May 19, 2006, to confirm O'Neal's compliance with the conditions set forth above.

Best regards,

Jonathan Hangartner

for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

W02-SD:8JH2\51420304.1
Enclosure

EXHIBIT B   13



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System(Tess)

*TESS was last updated on Sat May 13 04:24:58 EDT 2006*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST |
| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout  Please logout when you are done to release system resources allocated for you.

Start  List At: ____  OR  Jump  to record: ____   **Record 1 out of 18**

| TARR Status | ASSIGN Status | TDR | TTAB Status |  *( Use the "Back" button of the Internet Browser to return to TESS)*



| | |
|---|---|
| **Word Mark** | O |
| **Goods and Services** | IC 035. US 100 101 102. G & S: Retail stores, wholesale stores and distributorship services in the field of calendars, gift certificates, boots, gloves, hats, jackets, jerseys, pants, shorts, socks, t-shirts, body armor, goggles, helmets, belts, bags, backpacks, tie-downs, grips, handlebars and tools. FIRST USE: 20031217. FIRST USE IN COMMERCE: 20031217 |
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Design Search Code** | 26.03.28 - Miscellaneous designs with overall oval shape, including amoeba-like shapes and irregular ovals; Oval shape (miscellaneous overall shape) <br> 26.11.21 - Rectangles that are completely or partially shaded <br> 27.03.01 - Geometric figures forming letters or numerals |
| **Serial Number** | 78878750 |
| **Filing Date** | May 8, 2006 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Owner** | (APPLICANT) JIM O'NEAL DISTRIBUTING, INC. CORPORATION CALIFORNIA 9600 TOPANGA CANYON BLVD CHATSWORTH CALIFORNIA 91311 |
| **Attorney of Record** | Joel G. Landau |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "O" APART FROM THE MARK AS |

**EXHIBIT A**

**EXHIBIT B   1 4**

|                      | SHOWN        |
|----------------------|--------------|
| **Type of Mark**     | SERVICE MARK |
| **Register**         | PRINCIPAL    |
| **Live/Dead Indicator** | LIVE      |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST

NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

EXHIBIT B 15

**Jonathan Hangartner**

| | |
|---|---|
| **From:** | Steven Sereboff [ssereboff@socalip.com] |
| **Sent:** | Thursday, May 18, 2006 1:24 PM |
| **To:** | Jonathan Hangartner |
| **Cc:** | 'Frank Kashare'; 'Joel G. Landau' |
| **Subject:** | O'Neal and One Industries 02WB-104822 (J002-L06163) |

Thank you for your letter of May 16, 2006. If it is your client's goal to litigate, you are serving them well. Such a posture makes no sense, though, since your client will surely lose.

Turning now to the merits of the dispute, it seems that both sides agree on the two central issues. First, there is clearly a likelihood of confusion between the O marks used by our respective clients, at least with respect to certain goods. The only issue on the O marks seems to be priority. Second, since you ignored our allegation that ONE infringes O'NEAL, we presume that you agree with us on this point.

Your letter contains a number of errors, starting with my associate's name (it is Joel, not Joe). Let's not kid ourselves: O'Neal has been using O as a trademark for a long time. As is common in the market, O'Neal has used its O trademark with varying stylizations over the years, and often at the same time. Your client does the same thing. Two examples of O'Neal's stylizations are shown in O'Neal's recent trademark application and in O'Neal's O registration from ten years ago (we assume you know about it). Notably, O'Neal's first use of the O mark, as reflected in the public records, dates to 1993. O'Neal has been selling helmets since then, and has been branding its helmets since about late-1996. We have a lot of evidence to support this, and we will gladly shower you with it in discovery. No doubt your client will delight in the cost of studying 13 years worth of evidence, and making thousands of pages of color copies.

Addressing the issues probably does not diminish your client's surprise at receiving our letter. We acknowledge that your client has used the ONE INDUSTRIES mark for some time. However, your client's product line has changed over time. The trigger for our letter was not your client's stickers -- it was the recent prominence of helmets in One Industries' line. O'Neal simply will not allow others to impair its brands in product areas such as helmets, pants, jerseys, boots, gloves, and the like. We understand that there has been actual confusion, and O'Neal is determined to stop it.

O'Neal is prepared to litigate and is absolutely confident in its position. Our client is reasonable, and recognizes that the industry is small and the two companies have mutual friends and business acquaintances. However, under no circumstances will our client give up interest in its trademark rights that it has clearly established over the 36 years of operating its business.

We welcome settlement discussions that will serve the interests of both companies and await your response. If your position is to argue the merits of the case, let us know if you will accept service on behalf of your client.

/Steven C. Sereboff/
SoCal IP Law Group LLP
www.socalip.com

| Westlake Village Office: | Irvine Office: |
|---|---|
| 310 N. Westlake Blvd., Ste. 120 | 10 Truman, Ste. 100 |
| Westlake Village, CA 91362 | Irvine, CA 92620 |
| ph +1 (805) 230-1350 x220 | ph +1 (949) 341-0200 x220 |

EXHIBIT C   16

fax +1 (805) 230-1355          fax +1 (949) 341-0205
mobile +1 (805) 279-0074
Japan mobile 080-6538-1350 (with global roaming)
ssereboff@socalip.com

EXHIBIT C   17

AO 120 (Rev.3/04)

| TO:          Mail Stop 8<br>**Director of the U.S. Patent and Trademark Office**<br>**P.O. Box 1450**<br>**Alexandria, VA 22313-1450** | **REPORT ON THE**<br>**FILING OR DETERMINATION OF AN**<br>**ACTION REGARDING A PATENT OR TRADEMARK** |
|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised
that a court action has been filed in the U.S. District Court San Diego on the following Patents or Trademarks:

| DOCKET NO.<br><br>06CV1133-JAH(AJB) | DATE FILED<br><br>05/25/06 | U.S. DISTRICT COURT<br><br>United States District Court, Southern District of California |
|---|---|---|
| PLAINTIFF<br><br>One Industries, LLC | | DEFENDANT<br><br>Jim O'Neal Distributing, Inc. |

| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|
| 1   see complaint (enclosed) | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above-entitled case, the following patent(s)/trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>☐ Amendment       ☐ Answer       ☐ Cross Bill       ☐ Other Pleading |
|---|---|

| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above-entitled case, the following decision has been rendered or judgment issued:

| DECISION/JUDGMENT |
|---|
| |

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|
| | | |

Copy 1 - Upon initiation of action, mail this copy to Director          Copy 3 - Upon termination of action, mail this copy to Director
Copy 2 - Upon filing document adding patent(s), mail this copy to Director          Copy 4 - Case file copy

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| ONE INDUSTRIES, LLC, a limited liability company | JIM O'NEAL DISTRIBUTING, INC., a corporation |

2006 MAY 25 AM 11: 35

| (b) County of Residence of First Listed Plaintiff <u>San Diego</u><br>(EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed <u>Los Angeles</u><br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |
|---|---|
| (c) Attorney's (Firm Name, Address, and Telephone Number)<br>Jonathan Hangartner, Cal. Bar No. 196268<br>Sheppard Mullin Richter & Hampton LLP<br>501 West Broadway, 19th Floor<br>San Diego, CA 92101<br>619-338-6500 | Attorneys (If Known)<br>Steven C. Sereboff, Cal. Bar No. 156731<br>SoCal IP Law Group LLP<br>310 N. Westlake Blvd., Suite 120<br>Westlake Village, CA 91362<br>805-230-1350 |

'06 CV 1133  JAH AJB

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance<br>[ ] 120 Marine<br>[ ] 130 Miller Act<br>[ ] 140 Negotiable Instrument<br>[ ] 150 Recovery of Overpayment & Enforcement of Judgment<br>[ ] 151 Medicare Act<br>[ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>[ ] 153 Recovery of Overpayment of Veteran's Benefits<br>[ ] 160 Stockholders' Suits<br>[ ] 190 Other Contract<br>[ ] 195 Contract Product Liability<br>[ ] 196 Franchise | **PERSONAL INJURY**<br>[ ] 310 Airplane<br>[ ] 315 Airplane Product Liability<br>[ ] 320 Assault, Libel & Slander<br>[ ] 330 Federal Employers' Liability<br>[ ] 340 Marine<br>[ ] 345 Marine Product Liability<br>[ ] 350 Motor Vehicle<br>[ ] 355 Motor Vehicle Product Liability<br>[ ] 360 Other Personal Injury | **PERSONAL INJURY**<br>[ ] 362 Personal Injury— Med. Malpractice<br>[ ] 365 Personal Injury— Product Liability<br>[ ] 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>[ ] 370 Other Fraud<br>[ ] 371 Truth in Lending<br>[ ] 380 Other Personal Property Damage<br>[ ] 385 Property Damage Product Liability | [ ] 610 Agriculture<br>[ ] 620 Other Food & Drug<br>[ ] 625 Drug Related Seizure of Property 21 USC 881<br>[ ] 630 Liquor Laws<br>[ ] 640 R.R. & Truck<br>[ ] 650 Airline Regs.<br>[ ] 660 Occupational Safety/Health<br>[ ] 690 Other | [ ] 422 Appeal 28 USC 158<br>[ ] 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>[ ] 820 Copyrights<br>[ ] 830 Patent<br>[x] 840 Trademark | [ ] 400 State Reapportionment<br>[ ] 410 Antitrust<br>[ ] 430 Banks and Banking<br>[ ] 450 Commerce<br>[ ] 460 Deportation<br>[ ] 470 Racketeer Influenced and Corrupt Organizations<br>[ ] 480 Consumer Credit<br>[ ] 490 Cable/Sat TV<br>[ ] 810 Selective Service<br>[ ] 850 Securities/Commodities/ Exchange<br>[ ] 875 Customer Challenge 12 USC 3410 |
| **REAL PROPERTY**<br>[ ] 210 Land Condemnation<br>[ ] 220 Foreclosure<br>[ ] 230 Rent Lease & Ejectment<br>[ ] 240 Torts to Land<br>[ ] 245 Tort Product Liability<br>[ ] 290 All Other Real Property | **CIVIL RIGHTS**<br>[ ] 441 Voting<br>[ ] 442 Employment<br>[ ] 443 Housing/ Accommodations<br>[ ] 444 Welfare<br>[ ] 445 Amer. w/Disabilities – Employment<br>[ ] 446 Amer. w/Disabilities – Other<br>[ ] 440 Other Civil Rights | **PRISONER PETITIONS**<br>[ ] 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>[ ] 530 General<br>[ ] 535 Death Penalty<br>[ ] 540 Mandamus & Other<br>[ ] 550 Civil Rights<br>[ ] 555 Prison Condition | **LABOR**<br>[ ] 710 Fair Labor Standards Act<br>[ ] 720 Labor/Mgmt. Relations<br>[ ] 730 Labor/Mgmt.Reporting & Disclosure Act<br>[ ] 740 Railway Labor Act<br>[ ] 790 Other Labor Litigation<br>[ ] 791 Empl. Ret. Inc. Security Act | **SOCIAL SECURITY**<br>[ ] 861 HIA (1395ff)<br>[ ] 862 Black Lung (923)<br>[ ] 863 DIWC/DIWW (405(g))<br>[ ] 864 SSID Title XVI<br>[ ] 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>[ ] 870 Taxes (U.S. Plaintiff or Defendant)<br>[ ] 871 IRS—Third Party 26 USC 7609 | [ ] 890 Other Statutory Actions<br>[ ] 891 Agricultural Acts<br>[ ] 892 Economic Stabilization Act<br>[ ] 893 Environmental Matters<br>[ ] 894 Energy Allocation Act<br>[ ] 895 Freedom of Information Act<br>[ ] 900 Appeal of Fee Determination Under Equal Access to Justice<br>[ ] 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
United States Code, Title 15, Sections 1051-1127

Brief description of cause:
Declaratory Judgment of Non-Infringement

## VII. REQUESTED IN COMPLAINT:

[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE _____  DOCKET NUMBER _____

DATE
May 25, 2006

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # 125366  AMOUNT $350  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

ORIGINAL

American LegalNet, Inc.  www.USCourtForms.com