```
 1                 UNITED STATES DISTRICT COURT
 2                SOUTHERN DISTRICT OF CALIFORNIA
 3
 4   ONE INDUSTRIES, L.L.C., a         )
     limited liability company,        )
 5                                     )
                    Plaintiffs,        )
 6                                     )
        vs.                            )  No. 06CV1133 JAH(AJB)
 7                                     )
     JIM O'NEAL DISTRIBUTING, INC.,    )
 8   a corporation,                    )
                                       )
 9                  Defendant.         )
     _____)
10                                     )
     AND ALL RELATED COUNTERCLAIMS     )
11   AND THIRD-PARTY COMPLAINTS.       )
     _____)
12
13
14
15
16          DEPOSITION OF JEFFREY M. SAMUELS
17                 San Diego, California
18               Monday, August 27, 2007
19
20
21
22
23
     Reported by:
24   Diane M. Holnback, C.S.R.
     Certificate No. 11686
25   JOB No. 070827SD
```

Page 2

I-N-D-E-X

DEPOSITION OF JEFFREY M. SAMUELS                           PAGE
August 27th, 2007

| | | | | |
|---|---|---|---|---|
| | Examination by Mr. Trojan | | | 4 |
| EXHIBITS: | | | REFERRED | MARKED |
| 1 | One-page June 20, 2007 letter from Melissa Kopacz to Jeffrey Samuels | | 20 | 57 |
| 2 | 20-page "Rebuttal Expert Report of Jeffrey M. Samuels" | | 43 | 57 |
| 3 | Three-page printout from the TARR Web server for Registration No. 2894614 | | 44 | 57 |
| 4 | Three-page printout from the TARR Web server for Registration No. 2894616 | | 44 | 57 |
| 5 | Three-page printout from the TARR Web server for Registration No. 2894615 | | 44 | 57 |
| 6 | Laser color copy of Page 134 from Dirt Rider, April 2002 | | 50 | 57 |

1        DEPOSITION OF JEFFREY M. SAMUELS
2
3        Pursuant to Notice to take Deposition and on the
4   27th day of August, 2007, commencing at the hour of 9:45
5   o'clock a.m. at 2535 Kettner Boulevard, Suite 1C1, in the
6   City and County of San Diego, State of California, before
7   me, Diane M. Holnback, Certified Shorthand Reporter in
8   and for the State of California, personally appeared:
9                    JEFFREY M. SAMUELS,
10  who, called as a witness by the Defendant and Third-Party
11  Plaintiff, Jim O'Neal Distributing, Inc., being by me
12  first duly administered the oath, was thereafter examined
13  as a witness in said cause.
14                       APPEARANCES
15
    FOR THE PLAINTIFF, ONE INDUSTRIES, L.L.C.:
16
            X-PATENTS, A.P.C.
17          By:  JONATHAN HANGARTNER, ESQ.
            5670 La Jolla Boulevard
18          La Jolla, California  92037
            Tel:  858.454.4313  Fax:  858.454.4314
19          Email:  jon@x-patents.com
20
    FOR THE DEFENDANT AND THIRD-PARTY PLAINTIFF, JIM O'NEAL
21  DISTRIBUTING, INC.:
22          TROJAN LAW OFFICES
            By:  R. JOSEPH TROJAN, ESQ.
23          9250 Wilshire Boulevard, Suite 325
            Beverly Hills, California  90212
24          Tel:  310.777.8399  Fax:  310.777.8348
            Email:  trojan@trojanlawoffices.com
25

```
 1      A.   No.
 2      Q.   So you have no opinion on the strength of any of
 3  O'Neal's "O" trademarks?
 4      A.   I don't have enough information to offer an
 5  opinion on that.
 6      Q.   And, if O'Neal claims that it has a single "O"
 7  trademark, you have no opinion on the strength of that
 8  trademark, either?
 9      A.   Correct.
10      Q.   If you could turn to Exhibit C of your report --
11      A.   Yes.
12      Q.   -- and I just want to go down this list and just
13  have a couple of questions for each case.
14      A.   Sure.
15      Q.   In the first one, the Hoover Company versus
16  Oreck Holdings, were you an expert for plaintiff or the
17  defendant?
18      A.   Hoover?  Plaintiff.
19      Q.   Do you know whether there was any actual
20  confusion evidence in that case?
21      A.   I don't believe that my report or deposition
22  focused on the issue of likelihood of confusion in that
23  case.
24      Q.   So it was not?
25      A.   So the answer is no.
```

1   Coca-Cola's rights?

2       A.  Well, I would have to see the alleged infringing
3   mark.  If the mark is just Coke, C-o-k-e, in block
4   letters, I mean, Coca-Cola has been using Coke as a
5   trademark.  So, I would say no.

6       Q.  That I would not be allowed to do that?

7       A.  Correct.

8       Q.  Regardless of what kind of stylizing I created
9   for the word "Coke"?

10      A.  I would say, yes, that's true.

11      Q.  So, basically, Coca-Cola owns the word Coke,
12  regardless of the stylizing of the letters, correct?

13      A.  Right.  But, of course, you know, Coke is a very
14  strong mark and, you know, the stronger the mark the
15  greater the protection.  So, every case has to be decided
16  on its own facts.

17      Q.  But you didn't actually look at the strength of
18  O'Neal's mark in this case, because you admitted to that
19  earlier, correct?

20      A.  Right.

21      Q.  Is likelihood of confusion a fact question?

22      A.  In most circuits.

23      Q.  Is it a fact question in the Ninth Circuit?

24      A.  I believe so.

25      Q.  So, did you consider whether there were no