X-PATENTS, APC
JONATHAN HANGARTNER, Cal. Bar No. 196268
5670 La Jolla Blvd,
La Jolla, California 92037
Telephone:    858-454-4313
Facsimile:    858-454-4314
Email:   jon@x-patents.com

Attorneys for Plaintiff and Counter-Defendant
One Industries, LLC, and Third-Party Defendant
Ludovic Boinnard

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ONE INDUSTRIES, LLC, a limited liability company,<br><br>                          Plaintiffs,<br><br>          v.<br><br>JIM O'NEAL DISTRIBUTING, INC., a corporation,<br><br>                          Defendants. | Case No. 06 CV 1133 JAH (AJB)<br><br>**OBJECTIONS TO EVIDENCE SUBMITTED BY O'NEAL IN SUPPORT OF ITS OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**<br><br>Judge:  Hon. John A. Houston<br><br>[Complaint filed May 25, 2006]<br><br>Date:  October 22, 2007<br>Time:  2:30 p.m.<br>Crtm:  11 |
| JIM O'NEAL DISTRIBUTING, INC.<br><br>                          Counterclaimant,<br><br>          v.<br><br>ONE INDUSTRIES, LLC,<br><br>                          Counterdefendant | |

        Plaintiff-Counterdefendant One Industries, LLC and Third-Party Defendant

Ludovic Boinnard (collectively referred to herein as "One Industries") hereby object to

certain evidence filed by Jim O'Neal Distributing, Inc. ("O'Neal") in support of its

opposition to One Industries' motion for summary judgment.  The evidence objected to

and basis for these objections is set forth in the following table:

| Citation | Evidence | Objections |
|---|---|---|
| Sarabia Dec. ¶ 6. | "Over time consumers and industry professionals came to associate the core element - resemblance to an 'O' - with products made by O'Neal Distributing."<br><br>"[W]hen a motocross apparel consumer saw [a mark with a resemblance to an 'O'] he or she associated it with gear made by O'Neal Distributing." | Mr. Sarabia has not identified any basis for this opinion. Mr. Sarabia's opinion testimony regarding consumers' and industry professionals' alleged association of an 'O' with products made by O'Neal Distributing is pure speculation. It is not based upon sufficient facts or data and is not the product of reliable principles and methods. Therefore, Mr. Sarabia's opinion testimony is inadmissible under Fed. R. Evid. 702. |
| Sarabia Dec. ¶ 8. | "In 1998 there were about 1.2 million motocross motorcycles in the U.S. and about 850,000 readers of magazines in which O'Neal Distributing advertised its "O" trademark. According, about 70% of motocross consumers were exposed to the 'O' trademark through advertising." | Mr. Sarabia has not established any basis for this statement regarding consumer exposure to an unspecified "O" trademark. Mr. Sarabia's opinion testimony regarding the percentage of motocross consumers who have been "exposed to the 'O' trademark through advertising" is not based upon sufficient facts or data and is not the product of reliable principles and methods. Therefore, Mr. Sarabia's opinion testimony is inadmissible under Fed. R. Evid. 702. |
| Sarabia Dec. ¶9 | "Motocross gloves, boots, jersey, shoulder pads and riding belts sold under the "O" and "O'Neal trademarks were all in the top 5 in consumer ownership." | Mr. Sarabia has not established any basis for this statement regarding consumer ownership rankings for O'Neal products. Mr. Sarabia's opinion testimony regarding consumer ownership rankings is not based upon sufficient facts or data and is not the product of reliable principles and methods. Therefore, Mr. Sarabia's opinion testimony is inadmissible under Fed. R. Evid. 702. |
| Sarabia Dec. ¶ 10 | "By 1998 motocross apparel and helmets sold under the "O" and "O'Neal" trademarks had about 17.5% of the motocross apparel market." | Mr. Sarabia has not established any basis for this statement regarding market share of O'Neal products. Mr. Sarabia's opinion testimony regarding market share is not based upon sufficient facts or data and is not the product of reliable principles and methods. Therefore, Mr. Sarabia's opinion testimony is inadmissible under Fed. R. Evid. 702. |

06 CV 1133 JAH (AJB)                                                    OBJECTIONS TO EVIDENCE

| Citation | Evidence | Objections |
|---|---|---|
| Sarabia Dec. ¶ 11. | "By 1999, O'Neal Distributing, established a reputation among consumers for the trademark 'O' on motocross clothing and helmets (excluding goggles) that has continued to the present, and as a result, motocross apparel consumers are likely to associate any "O" on motocross apparel, including helmets, with O'Neal Distributing." | Mr. Sarabia has not identified any basis for these opinions.  Mr. Sarabia's opinion testimony regarding consumers' and industry professionals' alleged association of an 'O' with products made by O'Neal Distributing is pure speculation.  It is not based upon sufficient facts or data and is not the product of reliable principles and methods.  Therefore, Mr. Sarabia's opinion testimony is inadmissible under Fed. R. Evid. 702. |
| Sarabia Dec. ¶ 12. | "The substantial marketing and sales accomplishments of O'Neal with its trademarks 'O' and 'O'Neal' solidified the reputation of these trademarks with consumers in the motocross helmet and apparel markets." | Mr. Sarabia's opinion testimony regarding the alleged "solidifi[cation]" of the "O" and "O'Neal" trademarks through marketing and sales "accomplishments" is not based upon sufficient facts or data and is not the product of reliable principles and methods. Therefore, Mr. Sarabia's opinion testimony is inadmissible under Fed. R. Evid. 702. |
| Sarabia Dec. ¶ 13. | "My conclusions about the reputation and consumer recognition of the 'O' logo on motocross wearing apparel are based upon the generally accepted standards of brand development in the sportswear business." | Mr. Sarabia's opinion that the "standards of brand development" he uses are "generally accepted" is not based upon sufficient facts or data and is not the product of reliable principles and methods.  The purported "standards for brand development" he refers to are not identified, and there is no basis for his opinion that such unspecified standards are "generally accepted." Therefore, Mr. Sarabia's opinion testimony is inadmissible under Fed. R. Evid. 702. |
| Sarabia Dec. ¶ 15. | "[W]hen One Industries entered the helmet market, O'Neal Distributing already had a major market share with its 'O' trademark." | Mr. Sarabia's opinion that O'Neal Distributing had a "major market share" with its "O" trademark is not based upon sufficient facts or data and is not the product of reliable principles and methods.  Mr. Sarabia has not identified what "O" mark had allegedly been established by O'Neal or its alleged "major market share".  Therefore, Mr. Sarabia's opinion testimony is inadmissible under Fed. R. Evid. 702. |

| Citation | Evidence | Objections |
|---|---|---|
| Sarabia Dec. ¶ 15. | "Because of O'Neal Distributing's marketing, market share, sales and use of variations of an 'O,' consumers and industry professionals associated any 'O' on motocross apparel and helmets (excluding goggles) with O'Neal Distributing."<br><br>"An 'O' mark used by any other company on motocross apparel and helmets would be confused with the strong and established O'Neal Distributing 'O' mark." | Mr. Sarabia has not identified any basis for this opinion. Mr. Sarabia's opinion testimony regarding consumers' and industry professionals' alleged association of an 'O' with products made by O'Neal Distributing is pure speculation.  It is not based upon sufficient facts or data and is not the product of reliable principles and methods. Therefore, Mr. Sarabia's opinion testimony is inadmissible under Fed. R. Evid. 702. |
| Sarabia Dec. ¶ 16. | "[Mr. Blanchard and Mr. Boinnard] chose to use an 'O' because it was similar to one of the most prominent helmet lines in the motocross business." | No evidence has been introduced that is sufficient to support the finding that Mr. Sarabia has personal knowledge regarding why or how Mr. Blanchard and Mr. Boinnard selected the trademark which they decided to use on One Industries's helmets.  Therefore, Mr. Sarabia's testimony is regarding a matter of which he has no personal knowledge - and is inadmissible under Fed. R. Evid. 602.  To the extent this is purported to be an expert opinion, Mr. Sarabia has not established any reliable basis for such an opinion and it is inadmissible under Fed. R. Evid. 702. |
| Sarabia Dec. ¶ 16. | "The One Icon mark . . . is likely to be perceived by consumers as the O'Neal 'O' logo." | Mr. Sarabia has not identified any basis for this opinion. Mr. Sarabia's opinion testimony regarding consumers' alleged association of an 'O' with products made by O'Neal Distributing is pure speculation.  It is not based upon sufficient facts or data and is not the product of reliable principles and methods.  Therefore, Mr. Sarabia's opinion testimony is inadmissible under Fed. R. Evid. 702. |

06 CV 1133 JAH (AJB)                                    OBJECTIONS TO EVIDENCE

| Citation | Evidence | Objections |
|---|---|---|
| Sarabia Dec. ¶ 17. | "One Industries chose to distance its helmet line from its primary One Industries brand . . ." | No evidence has been introduced that is sufficient to support the finding that Mr. Sarabia has personal knowledge regarding One Industries's business plans or strategies.  Therefore, Mr. Sarabia's testimony is regarding a matter of which he has no personal knowledge - and is inadmissible under Fed. R. Evid. 602.<br><br>Mr. Sarabia's opinion that One Industries sought to distance its helmet line from "its primary One Industries brand" is not based upon sufficient facts or data and is not the product of reliable principles and methods. Therefore, Mr. Sarabia's opinion testimony is inadmissible under Fed. R. Evid. 702. |
| Sarabia Dec. ¶ 17. | "[One Industries] kept the helmet line off the One Industries website and launched a new website for the helmets that did not feature the words "One Industries." | Mr. Sarabia's assertions that One Industries: (1) kept the helmet line off the One Industries website; and (2) did not feature the words One Industries on the helmet site, are both demonstrably incorrect and thus lack foundation and are not the product of reliable principles and methods.  In fact, the main One Industries web site at www.oneindustries.com includes a direct link to the company's helmet line.  The opening product page regarding helmets then refers to One Industries three times in describing the helmets. Therefore, Mr. Sarabia's opinion testimony is inadmissible under Fed. R. Evid. 702. |
| Sarabia Dec. ¶ 18. | "For a number of reasons, it is likely that One Industries intended to take advantage of the reputation of the O'Neal Distributing Brand 'O' mark by entering the motocross helmet market with an 'O' logo. First, the principals knew of O'Neal Distributing's 'O' trademark and the successful and reputable helmet line which featured that trademark. Second, One Industries carried out a plan to launch a new helmet line under the 'O' mark.  Third, the new helmet line was distanced from One Industries." | Mr. Sarabia's opinion that it is "likely" that One Industries sought to take advantage of O'Neal Distributing's reputation by using an "O" logo is not based upon sufficient facts or data and is not the product of reliable principles and methods.  The stated basis for this opinion does not support it, and the three items that form the basis for the opinion lack foundation and do not form a reliable basis for his opinion.  Mr. Sarabia has failed to identify the "O" mark used by O'Neal and the purported "O" mark used by One Industries. Therefore, Mr. Sarabia's opinion testimony is inadmissible under Fed. R. Evid. 702. |

06 CV 1133 JAH (AJB)                                                                OBJECTIONS TO EVIDENCE

| Citation | Evidence | Objections |
|---|---|---|
| Sarabia Dec. ¶ 19. | "My conclusions about the development of the One Industries 'O' helmet line are based upon the generally accepted standards about trademark infringers in the sportswear business. I know these standards and that these standards are generally accepted about trademark infringers in the sportswear business as a result of my extensive work with infringers, trademarks and apparel and sportswear companies over the last 20 years." | Mr. Sarabia's opinion that the "standards about trademark infringers in the sportswear business" he uses are "generally accepted" is not based upon sufficient facts or data and is not the product of reliable principles and methods. The purported "standards" he refers to are not identified or explained, and there is no basis for his opinion that such unspecified standards are "generally accepted." Therefore, Mr. Sarabia's opinion testimony is inadmissible under Fed. R. Evid. 702. |
| Sarabia Dec. ¶ 20. | "The confusion has been so substantial that it has permeated industry veterans . . as well as retailers and consumers." | Mr. Sarabia's opinion that there has been "substantial" confusion is not based upon sufficient facts or data and is not the product of reliable principles and methods. No basis is disclosed for his statement that confusion has "permeated industry veterans" as well as retailers and consumers. Mr. Sarabia has not identified the marks allegedly being confused. Therefore, Mr. Sarabia's opinion testimony is inadmissible under Fed. R. Evid. 702. |
| Sarabia Dec. ¶ 22. | "The use of the 'O' mark by One Industries has led to both consumer and industry veteran confusion . . ." | Mr. Sarabia has not identified any basis for this opinion. Mr. Sarabia's opinion testimony regarding consumers' and industry professionals' alleged confusion is pure speculation. It is not based upon sufficient facts or data and is not the product of reliable principles and methods. Therefore, Mr. Sarabia's opinion testimony is inadmissible under Fed. R. Evid. 702. |
| Sarabia Dec. ¶ 23. | "My conclusions . . . are based upon the generally accepted standards about brand confusion in the sportswear business." | Mr. Sarabia's opinion that the "standards about brand confusion in the sportswear business" he uses are "generally accepted" is not based upon sufficient facts or data and is not the product of reliable principles and methods. The purported "standards" he refers to are not identified or explained, and there is no basis for his opinion that such unspecified standards are "generally accepted." Therefore, Mr. Sarabia's opinion testimony is inadmissible under Fed. R. Evid. 702. |

06 CV 1133 JAH (AJB)                                                    OBJECTIONS TO EVIDENCE

| Citation | Evidence | Objections |
|---|---|---|
| Sarabia Dec. ¶ 24. | "[Mr. Boinnard and Mr. Blanchard] intentionally selected an 'O' mark for their new helmet line which launched in 2004." | Mr. Sarabia's opinion that Messrs. Boinnard and Blanchard "intentionally selected an 'O' mark" is not supported by sufficient facts or data and is not the product of reliable principles and methods. Therefore, Mr. Sarabia's opinion testimony is inadmissible under Fed. R. Evid. 702. |
| Sarabia Dec. ¶ 24. | "Mr. Boinard [*sic*] and Mr. Blanchard separated the new helmet line from their existing business to maximize consumer confusion." | Mr. Sarabia lacks personal knowledge and his opinion that Messrs. Boinnard and Blanchard "separated the new helmet line from their existing business" is not supported by sufficient facts or data and is not the product of reliable principles and methods.  Therefore, Mr. Sarabia's opinion testimony is inadmissible under Fed. R. Evid. 702. |
| Sarabia Dec. ¶ 24. | "Confusion between One Industries' 'O' helmets and O'Neal Distributing's 'O' helmets occurred.  This confusion resulted in lost sales for O'Neal Distributing and substantial business growth for One Industries." | Mr. Sarabia's opinion that alleged confusion between One Industries's helmets and O'Neal Distributing's helmets caused a loss in sales for O'Neal Distributing and growth in sales for One Industries is not supported by sufficient facts or data and is not the product of reliable principles and methods.  Mr. Sarabia does not identify any basis for his opinions.  There is no evidence that O'Neal lost even a single sale as a result of any alleged confusion.  Therefore, Mr. Sarabia's opinion testimony is inadmissible under Fed. R. Evid. 702. |
| Kashare Dec. ¶ 3. | "O'Neal has received calls requesting an O'Neal Kombat helmet or an O'Neal Rockstar or an O'Neal Monster helmet."<br><br>"These phone calls[requesting O'Neal Kombat, Rockstar, or Monster helmets] began in late 1995 or early 1996 . . ."."<br><br>"These phone calls [requesting O'Neal Kombat, Rockstar, or Monster helmets] . . . have continued through the present." | No evidence has been introduced to show that Mr. Kashare has personal knowledge regarding calls O'Neal allegedly received in which people requested helmets manufactured by One Industries.  In fact, Mr. Kahsare has testified that he did not personally receive any such phone calls. (Kashare Dep. 83:22 - 86:2, April 19, 2007).  Mr. Kashare's testimony is based upon statements which were not made by the declarant(s) while testifying at a trial or hearing and are offered in evidence to prove the truth of the matter asserted - i.e. that O'Neal received calls requesting helmets that are manufactured by One Industries.  (Kashare Dep. 83:22 - 86:2, April 19, 2007).  Therefore, Mr. Kashare lacks personal knowledge and his testimony is inadmissible hearsay and is not subject to any exceptions. Fed. R. Evid. 602, 801 *et seq*. |

| Citation | Evidence | Objections |
|---|---|---|
| Kashare Dec. ¶ 4. | "O'Neal does not get calls for Thor products or Answer products or MSR or Fox, or other prominent motocross helmet manufacturers."<br><br>"All of a sudden we begin to get an abundance of inquiries, mistakes from vendors, mistakes from consumers, and mistakes from dealers in regard to helmets manufactured by One Industries." | No evidence has been introduced to show that Mr. Kashare has personal knowledge regarding calls O'Neal allegedly received from consumers. In fact, Mr. Kahsare has testified that he did not personally receive any such phone calls. (Kashare Dep. 83:22 - 86:2, April 19, 2007). Mr. Kashare's testimony is based upon statements which were not made by the declarant(s) while testifying at a trial or hearing and are offered in evidence to prove the truth of the matter asserted - i.e. that O'Neal does not get calls for other company's products, and gets an abundance of inquiries about One Industries' products." (Kashare Dep. 83:22 - 86:2, April 19, 2007). Therefore, Mr. Kashare lacks personal knowledge and his testimony is inadmissible hearsay and is not subject to any exceptions. Fed. R. Evid. 602, 801 *et seq.* |
| Kashare Dec. ¶ 4. | "I think this shows obvious brand confusion as a result of their marks being 'ONE' and 'O' and our marks being 'O'NEAL' AND 'O.'" | Mr. Kashare's testimony regarding what he believes to be the cause of any alleged confusion between One Industries and O'Neal helmets is an improper lay opinion testimony and inadmissible under Fed. R. Evid. 701. |
| Kashare Dec. ¶ 5. | "Dennis Kirk, the world's largest mail order company for motorcycle, snow, and ATV business, who sells direct to consumers, confused O'Neal and One Industries brands and placed a One Industries helmet under the O'Neal helmet category as an O'Neal helmet on its website." | Mr. Kashare's testimony that the misidentification of a One Industries helmet on the Dennis Kirk occurred because Dennis Kirk "confused O'Neal and One Industries brands" is inadmissible because no evidence whatsoever has been introduced to show that Mr. Kashare has personal knowledge regarding why the misplacement occurred. Therefore, Mr. Kashare's testimony is regarding a matter of which he has no personal knowledge - and is inadmissible under Fed. R. Evid. 602. |

-8-

| Citation | Evidence | Objections |
|---|---|---|
| Kashare Dec. ¶ 5. | "MS-zone.com, an online retailer of motocross products confused a One Industries helmet with an O'Neal helmet by [*sic*] on its website and placed the One helmet under the O'Neal helmet category." | Mr. Kashare has failed to establish any foundation for this statement. Even if the assertion that a One Industries helmet was placed under the O'Neal helmet category on MS-zone.com was true, Mr. Kashare's testimony that such misplacement occurred because MS-zone.com "confused a One Industries Helmet with an O'Neal helmet" is inadmissible because there is no evidence establishing that Mr. Kashare has personal knowledge regarding why the alleged misplacement occurred. Therefore, Mr. Kashare's testimony is regarding a matter of which he has no personal knowledge, and is inadmissible under Fed. R. Evid. 602. |
| Kashare Dec. ¶ 5. | "KBC Manufacturing, Inc., the manufacturer of both O'Neal and One Industries helmets mistakenly sent production samples of One Industries helmets to O'Neal and production samples of O'Neal helmets to One Industries." | The fact that KBC Manufacturing, Inc., a company that clearly knows the difference between One Industries and O'Neal as it manufactures helmets for both companies, sent production samples of One Industries helmets to O'Neal and vice versa, without additional evidence establishing the cause for said mistake, does not make it more or less likely that One Industries infringed any O'Neal trademark for which it has senior position. Thus, Mr. Kashare's testimony is irrelevant and inadmissible under Fed. R. Evid. 402. |
| Kashare Dec. ¶ 5. | Roland Hinz, the owner of Hi-Torque Publications, the largest publisher of motorcycle and motorcycle related magazine was wearing a One Industries sweatshirt and proudly said to me "Hey I'm representing" or something of that nature, because he thought he was wearing an O'Neal sweatshirt." | Mr. Kashare lacks personal knowledge regarding the reason why Mr. Hinz made the alleged statement that he was "representing." Thus, his testimony regarding the reason for Mr. Hinz's statement is inadmissible under Fed. R. Evid. 602, 802.<br><br>The fact that Mr. Hinz allegedly believed his One Industries sweatshirt was an O'Neal sweatshirt, without additional evidence establishing the cause for said mistake or the markings on the particular sweatshirt he was wearing, does not make it more or less likely that One infringed any O'Neal trademark for which it has senior position. Thus, Mr. Kashare's testimony regarding his interaction with Mr. Hinz is irrelevant and inadmissible under Fed. R. Evid. 402. |

06 CV 1133 JAH (AJB)                    OBJECTIONS TO EVIDENCE

| Citation | Evidence | Objections |
|---|---|---|
| Kashare Dec. ¶ 5. | Members of my sales staff have continually informed me of calls they have received in regard to requests to product manufactured by One Industries as well as actual orders placed by dealers attempting to purchase various One Industries helmets from us." | No evidence has been introduced to show that Mr. Kashare has personal knowledge regarding calls O'Neal allegedly received in which people requested helmets manufactured by One Industries.  In fact, Mr. Kahsare has testified that he did not personally receive any such phone calls. (Kashare Dep. 83:22 - 86:2, April 19, 2007).  Mr. Kashare's testimony is based upon statements which were not made by the declarant(s) while testifying at a trial or hearing and are offered in evidence to prove the truth of the matter.  (Kashare Dep. 83:22 - 86:2, April 19, 2007).  Therefore, Mr. Kashare lacks personal knowledge and his testimony is inadmissible hearsay and is not subject to any exceptions. Fed. R. Evid. 602, 801 *et seq.* |
| Kashare Dec. ¶ 5. | "One dealer was so confused about the difference between the two manufacturers that while having the One Industries catalog in hand, he called O'Neal asking for the Trooper helmet." | Mr. Kahsare fails to establish any foundation for this statement, and has testified that he did not personally receive any phone calls requesting a One Industries helmets. (Kashare Dep. 83:22 - 86:2, April 19, 2007).  Thus, Mr. Kashare's testimony can only be based on information he received from a third-party.  Mr. Kashare's testimony is based upon statements which were not made by the declarant(s) while testifying at a trial or hearing and are offered in evidence to prove the truth of the matter asserted - i.e. that O'Neal received a call from a dealer requesting a One Industries Trooper helmet.  (Kashare Dep. 83:22 - 86:2, April 19, 2007).  Therefore, Mr. Kashare lacks personal knowledge and his testimony is inadmissible hearsay and is not subject to any exceptions. Fed. R. Evid. 602, 801 *et seq.* |
| Kashare Dec. ¶ 6. | "My personal belief and the evidence that's been brought in front of me would indicate that there are consumers who are confused by the two brands, there are dealers that are confused by the two brands, there are vendors that are confused by the two brands."  "I firmly believe that we are losing market share to people who may believe that they are buying an O'Neal product . . ." | Mr. Kashare's personal beliefs are irrelevant to any issue in this case.  Fed. R. Evid. 401, 402.  Mr. Kashare's testimony regarding such personal beliefs is improper lay opinion testimony and inadmissible under Fed. R. Evid. 701. |

06 CV 1133 JAH (AJB)                    OBJECTIONS TO EVIDENCE

| Citation | Evidence | Objections |
|---|---|---|
| Trevino Depo. | Testimony regarding alleged confusion by his employee Jesus Lizarraga and unidentified consumers. | Mr. Trevino's was not present during any of the events he described, and knows of the alleged confusion only based on conversations with others.  Mr. Trevino lacks personal knowledge and his testimony is hearsay not subject to any exception.  Fed. R. Evid. 602 and 802. |
| Mirsky Dec. ¶¶12, 13, 14, 15 | Testimony regarding appearance of One Industries' logo, alleged similarity in style and price, advertisements, and alleged confusion permeating the industry at every level because of "almost identical commercial uses of the O' and One Icon marks." | Ms. Mirsky is an attorney for O'Neal.  She lacks personal knowledge and her testimony is improper lay opinion.  Fed. R. Evid. 602 and 701. |

DATED:  October 5, 2007          X-PATENTS, APC


By       s/ Jonathan Hangartner
         Email: jon@x-patents.com
         Attorneys for Plaintiff/Counter-Defendant ONE
         INDUSTRIES, LLC and Third-Party Defendant
         LUDOVIC BOINNARD

06 CV 1133 JAH (AJB)                                    OBJECTIONS TO EVIDENCE